UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TYRONE BRISCOE,<br><br>    Petitioner,<br><br>        v.<br><br>TAMYRA JARVIS,<br><br>    Respondent. | Civil Action No. 14-505 (JEB) |

**MEMORANDUM OPINION**

*Pro se* Petitioner Tyrone Briscoe was convicted of multiple murders and several related crimes in two D.C. Superior Court trials in 1997. Since that time, he has besieged courts with collateral attacks, challenging virtually every aspect of his convictions and sentences. In this, his most recent Petition for a Writ of Habeas Corpus, Briscoe alleges prosecutorial misconduct at his trials, and he also raises several issues stemming from one of his criminal appeals. Because the Court lacks jurisdiction over all but one of these claims, and because the remaining challenge is barred by the statute of limitations, the Court will dismiss the Petition.

**I.    Background**

The background of Briscoe's case is relatively straightforward. In 1997, a jury found him guilty of two counts of armed first-degree murder and two counts of assault with intent to kill (AWIK) while armed. See Opp., Exh. C (Briscoe v. United States, No. 97-1809, slip. op. (D.C. Apr. 25, 2005)) at 1. He was given consecutive indeterminate sentences of thirty years to life for each murder count, and ten to thirty years for each count of AWIK. See id. at 2. The D.C. Court of Appeals affirmed these convictions on April 25, 2005. See id. at 5.

In a second, unrelated trial in 1997, Briscoe was again convicted of first-degree murder, as well as conspiracy to commit murder, obstruction of justice, and possession of a firearm during a crime of violence. See id., Exh. K (United States' Opposition to Motion to Vacate or Set Aside Convictions) at 3. He was sentenced to thirty years to life for murder, fifteen years to life for obstruction, twenty to sixty months for conspiracy, and five to fifteen years for the firearm offense, all of which terms were to run consecutively to each other. See id. at 4. This conviction, too, was affirmed by the D.C. Court of Appeals on November 3, 2004. See id., Exh. H (Briscoe v. United States & Proctor v. United States, Nos. 98-284, 02-1411, 98-625, & 03-72, slip. op. (D.C. Nov. 3, 2004)) at 4.

These proceedings, unfortunately, represent only a fraction of the litigation surrounding Briscoe's cases. Since 1998, he has barraged courts, both local and federal, with collateral attacks on his convictions and sentences. To date, he has filed at least half a dozen § 23-110 motions in D.C. Superior Court, the most recent of which was denied in 2013. See id., Exh. A (Docket in 1994-FEL-1478). He brought a § 1983 suit against judges and attorneys involved in his case in another court in this District. See Briscoe v. Wagner, No. 10-710, 2010 WL 1904925 (D.D.C. May 5, 2010). And he has previously brought no fewer than three other petitions for habeas relief in federal court. See Briscoe v. Conners, No. 02-157, slip op. (D.D.C. Sep. 24, 2002); Briscoe v. Rios, No. 07-75, 2007 WL 1577778 (E.D. Ky. May 31, 2007); Briscoe v. Withers, No. 12-213, 2012 WL 5198470 (E.D. Ky. Oct. 19, 2012). Petitioner did not prevail in any of these actions.

Notwithstanding these failures, and apparently not one to be easily dissuaded, he enters court once again, seeking yet another Writ of Habeas Corpus. The result, however, will be the same.

**II.     Analysis**

D.C. prisoners, like any others, are entitled to habeas relief if they establish that their "custody [is] in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3). In this Petition, Briscoe raises three issues. First, he claims that prosecutors threatened a witness against him at trial and did not disclose those threats to him as required under Brady v. Maryland, 373 U.S. 83 (1963). Second, he argues that procedural errors in the D.C. Court of Appeals – namely, the government's failure to timely file a brief in one of his criminal appeals and the court's revocation of his *pro se* status – require the vacating of one of his convictions. Finally, he asserts that counsel appointed on appeal was inadequate. The Court treats each in turn.

    A.  Prosecutorial Misconduct

Petitioner first alleges that "FBI [and] D.C. police[] and prosecutors . . . threaten[ed] a witness" against him in his criminal trials, but these threats were never revealed to him. See Pet. at 3. Prosecutors must disclose threats or promises made to government witnesses, see Giglio v. United States, 405 U.S. 150, 154-55 (1972), and their failure to tell him about them, Briscoe claims, tainted his convictions. Generally, a prisoner in custody pursuant to the judgment of a State court may challenge the legality of his conviction and sentence in federal court under 28 U.S.C. § 2254. In this case, however, the Court lacks jurisdiction to entertain such a petition.

Under D.C. Code § 23-110(a), "[a] prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that . . . the sentence is . . . subject to collateral attack, may move the court to vacate, set aside, or correct the sentence." A federal court cannot entertain such a petition, however, "if it appears that the applicant has failed to make a motion for relief under this section . . . unless it also appears that the remedy by motion is

inadequate or ineffective to test the legality of his detention." Id. § 23-110(g).  In other words, "a [D.C.] prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court – the Superior Court – pursuant to D.C. Code § 23-110." Byrd v. Henderson, 119 F.3d 34, 36 (D.C. Cir. 1997) (emphasis added).  "[W]hen Congress enacted section 23-110 . . . , it sought to vest the Superior Court with exclusive jurisdiction over most collateral challenges by prisoners sentenced in that court." Williams v. Martinez, 586 F.3d 995, 1000 (D.C. Cir. 2009); see also Swain v. Pressley, 430 U.S. 372, 377-78 (1977) (finding parallel between changes introduced to federal habeas process by 28 U.S.C. § 2255 and new post-conviction procedure envisaged by Congress when it implemented § 23-110).  The only way Briscoe could bring his Petition in this Court is if he could show that § 23-110 were somehow "inadequate or ineffective to test the legality of his detention." Garris v. Lindsay, 794 F.2d 722, 726 (D.C. Cir. 1986).

Briscoe has failed to make this showing, and the Court, accordingly, lacks jurisdiction over his Petition. See Briscoe v. Conners, No. 02-1578, at 2-3 (coming to the same conclusion regarding previous allegations of prosecutorial misconduct and ineffective assistance of counsel); Hatch v. Jett, 847 F. Supp. 2d 88, 91-92 (D.D.C. 2012) (no jurisdiction over claims of prosecutorial error); see also Martinez, 586 F.3d at 998 (Section 23-110(g) "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)."); Garris, 794 F.2d at 727 ("It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative" of whether the § 23-110 process is "inadequate or ineffective.").  Petitioner's first attack on his conviction, therefore, fails at the outset.

4

B.  Challenges to the D.C. Court of Appeals

Briscoe's next two challenges go to actions taken by the D.C. Court of Appeals. First, he alleges that that court "took" him "off . . . pro se and denied [him] the [r]ight to choice of counselors." Pet. at 2. Second, he claims that when he appealed his second set of convictions, the government failed to meet a court-mandated briefing deadline. See id. He "then filed a default Motion for the Government['s] failure to file," id., and now asks this Court to "grant [his] default Motion[] for the . . . failure to answer[] the [C]ourt of Appeal[s'] order . . . ." Id. at 3.

Whatever the merits of these claims, the Court cannot entertain them because it lacks the authority to do so. This should be news to no one, least of all Briscoe. Indeed, he offered the same allegations in the guise of a § 1983 suit and met the same obstacle there: "This court does not have authority to review orders issued by the D.C. Court of Appeals and, thus, cannot direct the D.C. Court of Appeals to restore the plaintiff's *pro se* status." Briscoe v. Wagner, 2010 WL 1904925, at *1 (citing Fleming v. United States, 847 F. Supp. 170, 172 (D.D.C. 1994)). Nor can this Court direct the D.C. Court of Appeals to enter a default judgment in Briscoe's favor. See id. In his criminal appeal, Petitioner moved to vacate his convictions on the ground that the Government had defaulted. See Opp., Exh. G (Docket Sheet in 98-CF-284) at 6 (Briscoe's motion of June 30, 2003). The Court of Appeals denied this motion. See id. To grant the relief Briscoe requests, therefore, this Court would have to reverse the judgment of that court, an action it cannot take. "'Only the United States Supreme Court has [the] power' to review the final judgment of a state or District of Columbia court." Briscoe v. Wagner, 2010 WL 1904925, at *1 (quoting Fleming, 847 F. Supp. at 172). The Court is thus similarly without jurisdiction to entertain the challenges Briscoe levels against the D.C. Court of Appeals.

C.  Ineffective Assistance of Counsel

Finally, Briscoe alleges that his appointed counsel on appeal was ineffective. See Pet. at 2.  Specifically, he faults his lawyers for failing to file a supplementary brief on the default issue. See Supp. Mot. at 4.  Unlike his other claims, this one is properly brought in this Court: it does not require review of a decision of the D.C. Court of Appeals, and it is not barred by § 23-110.  It nonetheless runs aground on a different shoal – the statute of limitations.  Because Briscoe is "in custody pursuant to the judgment of a State court," his Petition is subject to a one-year limitations period, which begins to run on the latest of: (1) "the date on which the judgment became final . . . ;" (2) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed . . . ;" (3) "the date on which the constitutional right asserted was initially recognized by the Supreme Court . . . ;" or (4) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1).  In Briscoe's case, his convictions became final long ago, and he has made no showing that his claim is based on either a newly recognized constitutional right or facts that could not have been discovered in a timely manner.  Cf. id. §§ 2244(d)(1)(A), (C), (D).  Petitioner's only chance arises under the second option – to wit, "the date on which [an] impediment to filing . . . [was] removed . . . ."  Id. § 2244(d)(1)(B).

On this theory, the period would run from the date the D.C. Circuit decided Williams v. Martinez, 586 F.3d 995 (D.C. Cir. 2009), a case that held that Superior Court defendants are not precluded by § 23-110 from bringing ineffective-assistance claims regarding appellate counsel in federal court.  Id. at 998.  Assuming that this decision constituted the removal of an "impediment" to filing such a claim, several courts in this District have counted the limitations


period as starting on this 2009 date.  See, e.g., Coleman v. Ives, 841 F. Supp. 2d 333, 336 (D.D.C. 2012); Anderson v. United States, No. 11-1672, 2011 WL 4351802, at *1 (D.D.C. 2011).  Even if this analysis were correct, however, it would be no help to Briscoe; his petition was filed four years after Martinez came down.  See Coleman, 841 F. Supp. 2d at 336 (noting that Martinez was decided on December 23, 2009, and thus the petitioner had until December 24, 2010, to seek relief).  Because Briscoe's final claim is far out of time, and because he has shown no reason that the applicable period ought to be tolled, the Court will dismiss it as well.

**III.    Conclusion**

For the reasons articulated herein, the Court will deny the Petition.  An Order consistent with this Opinion shall issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  January 9, 2015